# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOLOMON PANICKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-15-1178-R |
| | ) |
| CITY OF OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Complaint [Doc. No. 1]. The Complaint is limited to a single page wherein Plaintiff alleges:

> I was subjected to unfair treatment by the plant manager Joe Case. And discriminated and given a biased treatment by Joe Case. And a bad treatment by co-worker Jeff who was very hostile, and never cooperated in the shift-and rudely told me to sit-aside and not to work. And I was, finally terminated by Joe Case. He said I don't trust you and don't want you here. And a co-worker who had a very serious problem was let go easy, and I was terminated.

Doc. 1. Plaintiff was granted leave to proceed *in forma pauperis*, (Doc. No. 3), which results in screening of this action pursuant to Title 28 U.S.C. § 1915.

Section 1915(e)(2)(B) of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> \*\*\*
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune
>     from such relief.

28 U.S.C. § 1915(e)(2).[1] A complaint is frivolous "where it lacks an arguable basis in either law or fact." Although *sua sponte* dismissals are generally disfavored by the courts, the court may dismiss an action pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Zapata v. Public Defenders Office*, 252 Fed.Appx. 237, 238 (10th Cir.2007) (quoting *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)). Furthermore, this Court is a Court of limited jurisdiction, and it is incumbent on Plaintiff to assert a basis for federal court jurisdiction over his claims. The single paragraph set forth above, which constitutes the entirety of Plaintiff's pleading, is wholly insufficient to fulfill Plaintiff's burden, even with liberal construction.

Although Plaintiff alleges discrimination, he fails to allege what type of discrimination, whether the discrimination allegedly violated federal law.[2] Additionally, Plaintiff requested the issuance of summons directed to Joe Case and to Carla Chatman, with the further descriptor of City of Oklahoma City under her name, leaving it unclear who he intended to include as Defendants in this action. The only Defendant identified in the caption is the City of Oklahoma City, yet its name never appears again in the Complaint. The Court finds Plaintiff's Complaint wholly inadequate to plead a claim against any person or entity.

---

[1] Although Plaintiff is apparently not a prisoner as defined by 28 U.S.C. § 1915:
"'[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners.'"
*Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir.2013) (alteration in original)
(quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)).
*Judy v. Obama*, 601 F. App'x 620, 621 (10th Cir. 2015).

[2] The Civil Cover sheet, which is not part of the Complaint, indicates Plaintiff intends to allege racial discrimination. Therein he lists a single Defendant, the City of Oklahoma City. Doc. No.1-1.

The Court further finds, however, that Plaintiff should be granted leave to amend in an effort to cure both his jurisdictional and pleading shortcomings. *See Fry Bros. Corp. v. Dep't of Hous. & Urban Dev.*, 614 F.2d 732, 733 (10th Cir.1980)(noting the trial court's decision to dismiss a complaint for want of jurisdiction "with leave to amend to properly plead jurisdiction"). The Court finds it would be in the interest of fairness to permit Plaintiff to amend his Complaint in an effort to cure these defects. Accordingly, the Complaint herein is *sua sponte* dismissed. Defendant's Motion to Dismiss is DENIED as MOOT, without prejudice to reasserting a motion upon filing of an Amended Complaint by Plaintiff. Plaintiff shall file an Amended Complaint not later than December 23, 2015. He should be aware of his obligation of complying with the applicable rules and law despite his *pro se* status and the mandate that the Court liberally construe his pleadings. If Plaintiff fails to timely file an amended complaint, judgment shall be entered and the action dismissed without prejudice without further notice.

    IT IS SO ORDERED this 23rd day of November, 2015.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE