IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOLOMON PANICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-15-1178-R |
| | ) | |
| CITY OF OKLAHOMA CITY, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS AND BRIEF IN SUPPORT
OF CITY OF OKLHOMA CITY**

COMES NOW, Defendant, City of Oklahoma City ("City"), and on its behalf moves and respectfully requests this Honorable Court dismiss the Second Amended Complaint waged against it by the Plaintiff, Solomon Panicker, in its entirety, pursuant to Fed.R.Civ.P. 8(a), 12(b)(1), and 12(b)(6), for his failure to state a claim for which relief may be granted.

**BRIEF IN SUPPORT**

In support of this Motion to Dismiss, Defendant City would show the following:

1.      On October 19, 2015, Plaintiff filed this action in the United States District Court for the Western District of Oklahoma. [Doc. No. 1].  Plaintiff then filed a First Amended Complaint on December 21, 2015 [Doc. No. 12], and a Second Amended Complaint on December 28, 2015 [Doc. No. 14].

2.      The Second Amended Complaint predominately cites Defendant City's personnel policy to support the allegations of his lawsuit, with one mention of Title VII.

3.     The statute of limitations on all actions alleged in the Second Amended Complaint has long since passed, because all actions alleged by Plaintiff occurred in 2006. [Doc. 12 at p. 3].

4.     The Second Amended Complaint fails to plead specific facts in support of any cause of action against Defendant City.

5.     Defendant City was served with the Second Amended Complaint on January 5, 2016.

## ARGUMENT AND AUTHORITIES

### I.     This Court Lacks Subject-Matter Jurisdiction

A court must dismiss an action when it determines that it lacks subject-matter jurisdiction.  Fed.R.Civ.P. 12(h)(3).  The "exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII." *Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir. 1996).  *See also Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304 (10th Cir. 2005).  The court may not assume that a plaintiff can establish subject matter jurisdiction; it is the plaintiff's burden to prove it. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

There are three procedural hurdles Title VII plaintiffs must clear before bringing suit in federal court: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety (90) days of receiving the letter. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1).  Failure to meet all three of these procedural hurdles means that this Court lacks the subject-matter jurisdiction for this matter.

2

Plaintiff's Second Amended Complaint fails to meet any of the three procedural hurdles required for this Court to have subject-matter jurisdiction over this matter.  For purposes of this motion, Defendant City will concede that Plaintiff could meet the first two hurdles, but has failed to plead them in his Second Amended Complaint.  However, Plaintiff is unable to meet the third hurdle of filing suit within ninety days of receiving the right-to-sue letter and therefore this Court must dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) because it lacks subject-matter jurisdiction.

Based solely on the face of the Second Amended Complaint, all of the dates upon which Plaintiff alleges violations of federal law took place are in 2006.  The latest possible deadline for filing a charge with the EEOC is 300 days after the alleged unlawful act. 42 U.S.C. §2000e-5(e)(1). The EEOC must make a determination within 180 days after receiving the charge.  29 C.F.R. § 1601.28(a) (2014).  In the light most favorable to the Plaintiff, the EEOC would have issued a right-to-sue letter at the latest in late 2007. This would indicate that any EEOC right-to-sue letter would have been issued more than 90-days ago; making Plaintiff's allegations time-barred.

Plaintiff's claims of discrimination under Title VII are not viable as a result of Plaintiff's failure to file his original Complaint within 90-days of receiving his right-to-sue letter from the EEOC.  The District Court lacks subject-matter jurisdiction over Plaintiff's claims and this case must be dismissed.  *Shikles*, 426 F.3d at 1318.

## II.     All Events Prior To The Applicable Statute Of Limitations Should Be Excluded.

The Plaintiff's Second Amended Complaint indicates that he was working at a water plant in May 2006, and the dates of violation were July and August 2006.  [Doc. 14, pgs. 2-3].  All of the factual complaints presented by Plaintiff are too far removed in time to be considered by the Court.

For actions under 42 U.S.C. §1983, state law determines the appropriate statute of limitations, and all §1983 actions in the Tenth Circuit are uniformly characterized as injuries to personal rights for statute of limitations purposes. *Garcia v. Wilson,* 731 F.2d 640, 651 (10th Cir. 1984) (*en banc), aff'd* 471 U.S. 261 (1985). See *Brock v. Herbert,* 435 Fed.Appx. 759, 762 (10th Cir. 2011).  Therefore, §1983 actions arising in Oklahoma, a two-year statute of limitations applies.  *Abbit v. Franklin,* 731 F.2d 661, 663 (10th Cir. 1984).

The Plaintiff filed his original Complaint on October 19, 2015.  [Doc. No. 1]. Plaintiff's claims under 42 U.S.C. §1983 must therefore be based on actions of Defendant City that took place on or after October 19, 2013.   Therefore, Plaintiff's Second Amended Complaint must be dismissed.

## III.    Plaintiff's Complaint Fails To Set Forth A Short And Plain Statement Of Jurisdiction And Entitlement To Relief

Although a *pro se* litigant's pleadings are entitled to liberal construction, a litigant must nonetheless follow the rules of federal procedure.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  The parties and the Court are under no obligation to craft legal theories for a Plaintiff and may not supply factual allegations to support *pro se*

litigant's claims for relief. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). It is "not the role of either the court or the defendant to sort through a … conclusory and poorly drafted complaint in order to construct a cause of action." *Abdelsamed v. United States,* 13 Fed. Appx. 883, 884 (10th Cir. 2001).

The Plaintiff has failed to sufficiently plead any cause of action against Defendant City contrary to Fed.R.Civ.P. 8(a). Rule 8(a)(1) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction. *Dalton v. City of Las Vegas,* 282 Fed.Appx. 652, 655 (10th Cir. 2008). Rule 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Robbins v. Oklahoma,* 519 F.3d 1242, 1246 (10th Cir. 2008). The criterion contained in Rule 8 was clarified by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and then again in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

According to *Twombly,* to withstand a motion to dismiss, "a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Those "factual allegations must be enough to raise a right to relief above the speculative level," providing, "more than labels and conclusions," or merely "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Following *Twombly,* the Court in *Iqbal,* took the pleading requirements even further noting that, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and "[a] claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

The Court then went on to add:

> The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

> * * * *

> Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Id.* at 678-79.

The Tenth Circuit has opined that in order to determine if a plausible claim exists, the Court must examine the specific allegations in the complaint. *Alvarado v. KOB-TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007). Furthermore, "[t]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).

In *Strange v. Van Dyke*, 2008 WL 2509820 (W.D. Okla.), this Court accepted Judge Bacharach's Report and Recommendation and granted the defendant's motion to dismiss the *pro se* plaintiff's complaint because the plaintiff failed to plead in accordance with Fed.R.Civ.P. 8. This Court stated that "[I]n Section 1983 cases, 'it is particularly important… that the complaint make clear exactly *who* is alleged to have done *what* to

*whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.'" *Id* at *2. (quoting *Robbins*, 519 F.3d at 1250) (emphasis in original).

The Plaintiff's Second Amended Complaint fails to specifically plead any set of facts sufficient to put Defendant City on notice as to the substance of his claims. Plaintiff's Second Amended Complaint does not give "opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint" or "appraise the court of sufficient allegations to allow it to conclude, if the allegations are true, that the claimant has a legal right to relief." *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  Rather, Plaintiff's Complaint is incomprehensible, requiring dismissal under Rule 8(a).

## IV.   Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted

A motion to dismiss for failure to state a claim under the Fed.R.Civ.P. 12(b)(6) "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.,* 407 F.3d 1091, 1107 (10th Cir. 2005).  In order to survive a motion to dismiss, a plaintiff must nudge his claim across the line from conceivable to plausible. *Twombly,* 550 U.S. at 569.

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted, as required by Fed.R.Civ.P. 12(b)(6).  Plaintiff's Second Amended Complaint does not clearly state causes of action, plead the requisite elements, or identify facts that might nudge the claims across the line from conceivable to plausible.  Defendant should

not be left to guess the basis of the claims against it.  Rule 12(b)(6) requires that claims be pled in such a manner so as to be plausible on their face.  *See Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177.  Plaintiff's Second Amended Complaint is vague and lacking of any requisite elements for a cause of action.  In short, the Second Amended Complaint fails to state a cause of action plausible on its face.

"In discrimination suits, the elements of a plaintiffs case are the same whether that case is brought under §§ 1981 or 1983 or Title VII." *Carney v. City and County of Denver,* 534 F.3d 1269, 1273 (10th Cir. 2008). To make a *prima facie* case of discrimination, Plaintiff must "demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Id.* at 1273 (*citing Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005)).

In the Second Amended Complaint, the Plaintiff has failed to plead facts that would satisfy all the elements of a *prima facie* case.  Plaintiff does not address the third element of showing disparate treatment among similarly suited individuals. Plaintiff attempts to point to one instance involving Randy Hargraves.  [Doc. 14, p. 3].  However, Plaintiff gives no reason to believe that this incident was in any way similar to the incidents involving Plaintiff.  Beyond that, Plaintiff fails to mention the national origin of Randy Hargraves. Plaintiff has failed to make a *prima facie* case of discrimination.

Therefore, due to the Plaintiff's failure to plead any facts sufficient to make a *prima facie* case of discrimination, Plaintiff's Second Amended Complaint must be dismissed for failure to state a claim for which relief can be granted.

## CONCLUSION

WHEREFORE, the Defendant, respectfully requests that the Court grant its Motion to Dismiss the subject Second Amended Complaint in its entirety because this court lacks subject-matter jurisdiction.  In addition, it is requested that Plaintiff's Second Amended Complaint be dismissed for its failure to satisfy the pleading requirements set forth in Fed.R.Civ.P. 8(a), and for failure to state a claim as set forth in Fed.R.Civ.P 12(b)(6).

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

By:     /s/ Brett M. Logan
        Brett M. Logan, OBA # 30629
        Assistant Municipal Counselor
        200 North Walker, Suite 400
        Oklahoma City, Oklahoma 73102
        Office: 405-297-2451
        Fax: 405-297-3119
        Email: brett.logan@okc.gov
        Attorneys for City of Oklahoma City

## <u>CERTIFICATE OF MAILING</u>

This is to certify that on the 22nd day of January, 2016, a true and correct copy of the above and foregoing instrument was electronically transmitted to the Clerk of the Court using the ECF System for filing.

Additionally, this is to certify that on the 22nd day of January, 2016, a true and correct copy of the above and foregoing instrument was mailed via U.S. Mail, postage prepaid, to the following, who is not a registered participant of the ECF System:

    Solomon Panicker
    11636 SW 3rd Street
    Yukon, OK 73099

                        /s/ Brett M. Logan
                        Assistant Municipal Counselor