FILED
United States Court of Appeals
Tenth Circuit

August 23, 2016

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

―――――――――――――――――――

SOLOMON PANICKER,

    Plaintiff - Appellant,

v.

CITY OF OKLAHOMA CITY; JOE CASE; LARRY WALL,

    Defendants - Appellees.

No. 16-6114
(D.C. No. 5:15-CV-01178-R)
(W.D. Okla.)

―――――――――――――――――――

### ORDER AND JUDGMENT[*]

―――――――――――――――――――

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.

―――――――――――――――――――

    Plaintiff, Solomon Panicker, appearing pro se, asserts that Oklahoma City and two of its employees discriminated against him while he was employed at a city-owned water plant in 2006–2007. The district court dismissed Panicker's claims against Oklahoma City based on the applicable statute of limitations and dismissed the individual defendants for failure to obtain service of process on the individual defendants. Although he doesn't identify any error in the district court's decisions,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and doesn't dispute that the claims are barred by the applicable statute of limitations, Panicker appeals the district court's orders dismissing all of his claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## BACKGROUND

On October 19, 2015, Panicker filed suit against Oklahoma City. On December 28, 2015, in response to the district court's order allowing Panicker additional time to file an Amended Complaint, Panicker filed an Amended Complaint asserting claims against Oklahoma City, Joe Case, and Larry Wall. If we construe Panicker's Amended Complaint broadly,[1] we understand Panicker to plead that the Defendants discriminated against him based on his Asian heritage and created a hostile work environment that led to his termination. The Amended Complaint asserts that all of the alleged conduct occurred in July and August of 2006. Panicker never served process on Case or Wall.

Oklahoma City sought dismissal under Fed. R. Civ. P. 12(b)(6), arguing that the applicable statute of limitations barred Panicker's claims. In his response, Panicker attached his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), dated November 21, 2007, and argued the merits of his claims. After reviewing Panicker's response, the district court dismissed Panicker's claims, concluding that "[a]ny claim, whether based on negligence, 42 U.S.C. § 1983, or Title VII has been barred for many years." R. Vol. 1 at 46. After issuing an order to

---

[1] In considering Panicker's appeal, we construe his pleadings liberally, but we do not serve as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

show cause why the claims against Case and Wall should not be dismissed for failure to serve Case and Wall, the Court dismissed Panicker's claims against Case and Wall without prejudice.

## DISCUSSION

The court may grant a Rule 12(b)(6) motion to dismiss based on a statute of limitations defense "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). "We review de novo 'a district court's ruling regarding the applicability of a statute of limitations.'" *Sierra Club v. Okla. Gas and Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (quoting *Plaza Speedway, Inc. v. United States*, 311 F.3d 1262, 1266 (10th Cir. 2002)).

State law determines the statute of limitations for claims under 42 U.S.C. § 1983. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008); *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999) ("State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims."). Under Oklahoma law, Panicker had two years to file his claims under § 1983. *See Beck*, 195 F.3d at 557 (Oklahoma's two-year statute of limitations applies to § 1983 claims). Panicker's Amended Complaint confirms that he waited about nine years to file his claims. Therefore, his claims under § 1983 are untimely and barred.

To the extent we construe his Amended Complaint as asserting a claim under Title VII, those claims also expired long before Panicker filed suit in this case. *See*

3

*EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1197 (10th Cir. 2003) (explaining that under Title VII, "the employee has ninety days from receipt of the right to sue letter in which to file suit.").

Panicker doesn't claim the district court erred in holding that his claims are barred by the applicable statute of limitations. Instead, Panicker once again attempts to argue the merits of his claim. But statutes of limitations "'promote justice by preventing surprises through . . . revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–349 (1944)). Because the claims are barred by the applicable statute of limitations, we need not address the merits of Panicker's claims.

Finally, the district court did not abuse its discretion in dismissing Case and Wall for lack of service. *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995) (explaining that we review the district court's dismissal for failure to serve defendants for abuse of discretion). The district court provided Panicker an opportunity to show cause for the failure to effect service and Panicker failed to do so. Panicker has never argued that he properly served Case or Wall and has never provided any reason for failing to do so. Therefore, the district court didn't abuse its discretion in dismissing the claims against Case and Wall.

## CONCLUSION

The district court's orders dismissing Panicker's claims are AFFIRMED.

        Entered for the Court


        Gregory A. Phillips
        Circuit Judge

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | August 23, 2016 | Chris Wolpert<br>Chief Deputy Clerk |

Solomon Panicker
11636 SW 3rd Street
Yukon, OK 73099

**RE:**   16-6114, Panicker v. City of Oklahoma City, et al
Dist/Ag docket: 5:15-CV-01178-R

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:   Brett Michael Logan

EAS/at